**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| EDWARD COLEMAN, | : | |
| | : | |
| Petitioner, | : | |
| | : | CIVIL ACTION |
| v. | : | NO.  07-4785 |
| | : | |
| UNITED STATES OF AMERICA, | : | (Criminal Case No.: 04-97-1) |
| | : | |
| Respondent. | : | |

**MEMORANDUM AND ORDER**

**Tucker, J.**                                                   **January ___, 2008**

Presently before this Court is *pro se* Petitioner's Motion to Vacate, Set Aside or Correct

Sentence, pursuant to 28 U.S.C. §2255 (Doc. 82), the Government's Memorandum in Opposition

(Doc. 85), and the Petitioner's Response (Doc. 86).  For the reasons set forth below, the Court

will deny Petitioner's Motion.

**I.**       **BACKGROUND AND PROCEDURAL HISTORY**

On February 26, 2004, Petitioner was indicted on two counts of possession of a firearm

by a convicted felon, in violation of 18 U.S.C. § 922(g)(1), and three counts of possession of a

controlled substance, in violation of 21 U.S.C. § 844.  The indictment stems from two unrelated

incidents.

Counts One, Two, and Three relate to Petitioner's arrest on June 13, 2003.  On this date,

Petitioner was stopped by a Philadelphia police officer in the early hours of the morning for

driving without his headlights.  As the officer approached the car, he saw a gun in Petitioner's

hand and ordered Petitioner and the two other passengers accompanying him out of the vehicle.

1

Petitioner did not exit the vehicle, and instead attempted to flee from the officer.  Petitioner eventually crashed the car and fled the scene.  On the front seat and floor of the car, Petitioner left behind a "fake" drivers license, over $1,200 in cash, and a loaded 9-millimeter handgun with an obliterated serial number.  Petitioner was soon arrested nearby at his girlfriend's house where he was found in possession of a small amount of cocaine and Xanax.

Counts Four and Five arose out of Petitioner's arrest by a Philadelphia police officer on September 26, 2003.  On this date, while out on bail from the June 13, 2003, arrest, Petitioner was observed by an officer, who knew that he was wanted for questioning in another matter, driving a vehicle without a license plate.[1]  The officer followed Petitioner as he turned onto a side street and left the vehicle, requesting that Petitioner stop walking.  Petitioner did not comply with the officer's request and fled, again, this time on foot.  He was eventually apprehended by several officers.  In the partially open console of the car Petitioner left behind, one of the officers discovered a loaded .38 caliber Beretta handgun and crack cocaine.

On July 19, 2004, this Court granted Petitioner's motion to sever the indictments for trial and, after a hearing, denied Petitioner's motion to suppress evidence on both indictments.  On July 30, 2004, a jury found Petitioner guilty of counts One, Two, and Three.  Subsequently, on November 1, 2004, Petitioner voluntarily pled guilty to counts Four and Five.  Petitioner's sentencing hearing was conducted on January 28, 2005.  Based on the Court's finding that the Petitioner was a career criminal, the Court imposed a sentence of 240 months imprisonment for counts One and Four, and 36 months imprisonment for counts Two, Three, and Five.  Petitioner's sentences were to run concurrently, for a total of 240 months imprisonment, five

---

[1] Petitioner alleges that a license plate was displayed in the rear window of the vehicle.

years supervised release and a special assessment of $500.  Petitioner took a direct appeal of his

conviction and sentence, and after review the Third Circuit affirmed both Petitioner's conviction

and sentence.  United States v. Coleman, 451 F.3d 154 (3d Cir. 2006); cert. denied United States

v. Coleman, 127 S. Ct. 991 (2007).

          On November 14, 2007, Petitioner filed the instant motion pursuant to 28 U.S.C. §2255.

## II.      LEGAL STANDARD

A prisoner in custody under sentence of this Court who believes "that the sentence was

imposed in violation of the Constitution or laws of the United States, . . . or is otherwise subject

to collateral attack, may move the court which imposed the sentence to vacate, set aside or

correct the sentence."  28 U.S.C. § 2255 (2006).  Relief for a habeas corpus petition under 28

U.S.C. § 2255 is proper where judgment was made without jurisdiction, the sentence is not

authorized by law, or the prisoner's constitutional rights have been infringed.  Id.  Accordingly, a

district court may dismiss a motion brought under § 2255 without a hearing where the record

shows conclusively that the movant is not entitled to relief.  U.S. v. Day, 969 F.2d 39, 41-42 (3d

Cir. 1992).

## III.     DISCUSSION

In his § 2255 motion, Petitioner asserts three reasons as to why his appellate counsel was

ineffective.  It is well settled that, when determining whether a petitioner received reasonably

effective assistance under the circumstances of the trial, the court must: (1) assess whether the

alleged errors of the counsel were so serious that counsel did not perform the function guaranteed

by the Sixth Amendment, and, if so; (2) whether the petitioner has demonstrated a reasonable

probability that the outcome of the proceeding would have been different but for the counsel's

ineffectiveness.  Strickland v. Washington, 466 U.S. 668 (1984).  With this standard in mind, the

Court will address each of Petitioner's three arguments in turn.


A.     Ineffective Assistance of Counsel - Ground One

Petitioner first asserts that his appellate counsel was ineffective for failing "to argue the

issue of ('did law enforcement have probable cause to stop Coleman['s] car on June 13, 2003,

and September 26, 2003'.)."  (Petr.'s Br. 5).  Petitioner's argument in this regard must fail,

however, because the record is rife with evidence from which this Court determined that the

police had probable cause to stop Petitioner on both June 13, 2003, and September 26, 2003.

First, "[i]t is well-established that a traffic stop is lawful under the Fourth Amendment

where a police officer observes a violation of the state traffic regulations."  United States v.

Moorefield, 111 F.3d 10, 12 (3d Cir. 1997).  In the instant case, Petitioner was first observed

driving in the dark without his headlights on, and later observed driving a different vehicle with

what, at the very least, appeared to be no license plate.  Second, the Supreme Court has

established that the police have authority to search the passenger compartment of a vehicle if they

see a person they suspect of illegal conduct in the vehicle, but who subsequently flees the vehicle

before being detained.  Thornton v. United States, 121 S. Ct. 2127 (2004).  Thus, the apparent

violations of Pennsylvania traffic laws and Petitioner's flight after each incident certainly

supplied police officers with probable cause to stop and search Petitioner's vehicle on June 13,

2003, and September 26, 2003, respectively.

Furthermore, as specifically pertains to the June 13, 2003, stop, Petitioner and his

passengers were properly ordered out of the car by police after they saw a handgun on Petitioner.

See Pennsylvania v. Mimms, 434 U.S. 106, 109 (1977).  In addition, the eventual seizure of the

gun, cash and fake driver's license from the crashed vehicle was lawful because Petitioner had no

reasonable expectation of privacy in a crashed vehicle that he abandoned in flight from the

police.  Hence, with no reasonable expectation of privacy, no Fourth Amendment issue is

presented by the seizure of the items from the abandoned car.

      Moreover, the items seized were in the plain view of the officers.  A plain view seizure is

lawful where: (1) the police do not violate the Fourth Amendment in arriving at the place from

which the evidence can be plainly viewed; (2) the police have a lawful right of access to the

evidence itself; and (3) the incriminating character of the evidence seized is immediately

apparent.  Horton v. California, 496 U.S. 128, 136-37 (1990).  Given the events that occurred

prior to the officer's search of the vehicle–including a valid traffic stop, observance of a

handgun, Petitioner's flight, and a car crash– it is evident that all of the required conditions were

met.

      Finally, even if there were a Fourth Amendment bar applicable here, Petitioner's

challenge to this stop would still doomed by the "inevitable discovery" doctrine.  The doctrine

permits the admission of evidence that is seized illegally if it is proved by a preponderance of the

evidence that inevitably it would have been discovered by lawful means.  See United States v.

Vasquez de Reyes, 149 F.3d 192, 195 (3d Cir. 1998) (applying the doctrine to physical evidence

like drugs and weapons).  As applied to the facts here, after witnessing several traffic

violations–including reckless driving, and fleeing the scene of an accident–the police had ample

cause and authority to impound Petitioner's vehicle and inventory the car's contents.   Thus, the

gun, cash and fake driver's license would have inevitably been discovered during the course of this inventory.  Nix v. Williams, 467 U.S. 431 (1984).  Hence, it is for all these reasons that the stop of Petitioner on June 13, 2003, was supported and justified by ample probable cause.

Similarly, the stop of Petitioner on September 26, 2003, was also supported by ample probable cause.  Specifically, the police officer stopped Petitioner because he observed that the car did not properly bear a license plate, which is a violation of the Pennsylvania Vehicle Code. Furthermore, at the time, the officer held a reasonable belief that Petitioner was wanted for questioning for another matter when he spotted him in the vehicle.  In addition, the recovery of the handgun and cocaine was lawful because the items were in plain view at the time they were seized and their recovery met all of the necessary prerequisites outlined above.   Horton, 496 U.S. at 136-37.  Finally, even if a Fourth Amendment issue was present here, Petitioner's claim would still fail in light of the inevitable discovery doctrine because Petitioner was driving the vehicle without a driver's license, insurance, license plate or registration.  Nix, 467 U.S. at 431.  Thus, the police would have had a right to tow and inventory the vehicle, thereby inevitably discovering the handgun and crack cocaine.

Thus, faced with these facts and binding precedent, this Court cannot say that appellate counsel was ineffective for failing to raise what likely would have been meritless Fourth Amendment issues on appeal.  See Sistrunk v. Vaughn, 96 F.3d 666, 671 (3d Cir. 1996) (explaining that counsel is not obliged to make meritless arguments); United States v. Swinehart, 617 F.2d 336, 341 (3d Cir. 1980) ("[e]ffective assistance does not demand that every possible motion be filed, but only those having a solid foundation.").  Therefore, Petitioner's assertions of ineffectiveness in this regard must fail.

**B.     Ineffective Assistance of Counsel - Ground Two**

Petitioner next asserts that his appellate counsel was ineffective for failing to argue that the Court "abused [its] discretion" by failing to consider "relevant facts" in denying Petitioner's motion to suppress evidence, which Petitioner argues "should have been given significant weight...." (Petr.'s Br. 5-6).

In deciding a motion to suppress, a district court must determine "'the credibility of the witnesses and the weight to be given the evidence, together with the inferences, deductions and conclusions to be drawn from the evidence.'" United States v. Scarfo, 180 F.Supp.2d 572, 577 (D.N.J. 2001).  Moreover, it is well settled that a district court's credibility determinations on a motion to suppress are not subject to appellate review.  See, e.g., Government of the Virgin Islands v. Gereau, 502 F.2d 914, 921 (3d Cir. 1974).  Instead, a district court's denial of a motion to suppress is reviewed for "clear error as to the underlying facts," United States v. Wilson, 413 F.3d 382, 385 (3d Cir. 2005) (quoting United States v. Givan, 320 F.3d 452, 458 (3d Cir. 2003) (internal citations omitted), and may be affirmed on any ground supported by the record.  United States v. Jasin, 280 F.3d 355, 356 (3d Cir. 2002), cert. denied, 537 U.S. 947 (2002).

During Petitioner's motion to suppress hearing, this Court heard extensive testimony from witnesses for the Government and the Petitioner.  As more fully stated following that hearing and as set forth above, this Court concluded for several reasons–including sufficient probable cause, no reasonable expectation of privacy in the items in the vehicles, and the doctrines of plain view, hot pursuit, and inevitable discovery–that the evidence presented should not be suppressed.  It bears repeating that the Court reached this conclusion after hearing extensive testimony on the issue and after weighing the credibility of the evidence presented by

7

both sides.  Petitioner's motion sets forth no demonstration of clear error in the Court's factual

determinations during the suppression hearing, nor does Petitioner's motion undermine the

legality of this Court's ruling as unsupported by the facts presented before the Court at the time.

Under these circumstances, the Court does not find that appellate counsel was ineffective

for failing to pursue what, given the clear error standard, undoubtedly would have been a weak

challenge to the Court's ruling regarding the suppression of evidence.  This is particularly true

where appellate counsel chose instead to pursue stronger and more novel arguments regarding

the advisory nature of the sentencing guidelines following the Supreme Court's decision in

United States vs. Booker, 125 S.Ct. 738 (2005), and the passage of the Feeney Amendment.  This

strategic decision by appellate counsel will not now be second guessed by this Court, and the

Court does not find that appellate counsel was ineffective on this basis.

C.      Ineffective Assistance of Counsel - Ground Three

Finally, Petitioner asserts that appellate counsel was ineffective for failing to appeal

Petitioner's guilty plea on direct appeal.  (Petr.'s Br. 7).  This claim, however, fails for two

reasons.  First, Petitioner's claim is procedurally defaulted because he failed to raise it before this

Court or on direct appeal, and because he has demonstrated neither cause or prejudice for his

failure to do so.  See United States v. Frady, 456 U.S. 152, 167-68 (1982).

Second, this Court conducted a full and detailed plea colloquy with Petitioner prior to his

plea of guilty to counts Four and Five of the indictment.  During this colloquy Petitioner gave

several assurances to the Court, including that he understood that his rights on appeal would be

strictly limited to appealing the jurisdiction of this Court, the voluntariness of the plea, and the

legality of the sentence imposed.  Woodward v. United States, 426 F.2d 959, 964 (3d. Cir. 1970)

8

(explaining that a defendant's unconditional, knowing and voluntary plea of guilty waives all non-jurisdictional issues); Menna v. New York, 423 U.S. 61, 62 n. 2 (1975) ("A guilty plea...renders irrelevant those constitutional violations not logically inconsistent with the valid establishment of factual guilt and which do not stand in the way of conviction if factual guilt is validly established.").

Notably, after swearing under oath that no one was forcing him to plead guilty, this Court advised Petitioner to listen to the government's recitation of the evidence and alert the Court if any of the facts or evidence cited was incorrect.  Yet, no objections were made by Petitioner, despite having a full opportunity to object to any facts or evidence that Petitioner believed was inaccurate.  Moreover, this Court found that Petitioner was fully competent and capable of entering an informed plea, aware of the nature of the charges against him and the consequences of his plea, and that his plea was independently supported by the facts.  Again, Petitioner made no objections to the Court's findings in this regard.

Thus, Petitioner's assertion that he pled guilty to "untested evidence" is directly contrary to his sworn statements and assertions during his plea colloquy.  (Petr.'s Br. 7).  The Court finds that the record demonstrates that there was no misunderstanding on the part of Petitioner and no "off the record" understanding, thereby making an evidentiary hearing on the issue unnecessary. Lynott v. United States, 360 F.2d 586, 588 (3d Cir. 1966) ("meticulous" Rule 11 hearing obviates need for an evidentiary hearing concerning voluntariness of plea in 28 U.S.C. § 2255 action).

## **CONCLUSION**

_____For the foregoing reasons, the Court will deny Petitioner's Motion.  An appropriate order follows.